**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN ZAK, ALLEN SWERDLICK, ANTHONY ZAPPULLA, WILLIAM TURIS, ANTHONY STORZ, JOHN SULLIVAN as TRUSTEES OF THE LOCAL 807 LABOR-MANAGMENT PENSION FUND,<br><br>Plaintiffs,<br><br>v.<br><br>ULTIMATE DISTRIBUTION, INC., CRB MOTOR LINES, INC., SUPERIOR WAREHOUSING SYSTEMS, INC. and XYZ CORPORATION, a member or members of the control group of Ultimate Distribution, Inc., and CRB Motor Lines, Inc.,<br><br>Defendants. | Civil Action No.: 04-4392 (JLL)<br><br><br>**OPINION** |

**LINARES**, District Judge.

This matter comes before the Court on Defendant Superior Warehousing Systems, Inc.'s ("Defendant" or "Superior") Motion to Vacate Summary Judgment pursuant to Federal Rule of Civil Procedure 60(b). Superior seeks to vacate this Court's January 20, 2006 and April 13, 2006 Orders granting summary judgment against Superior, and awarding attorneys fees, disbursements and pre-judgment interest to Plaintiffs. The Court has considered the parties' submissions. This motion is resolved without oral argument. Fed. R. Civ. P. 78. For the reasons set forth below, Superior's Motion to Vacate Summary Judgment is GRANTED.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs, the Trustees of the Local 807 Labor-Management Pension Fund ("Plaintiffs"), filed its initial Complaint against Defendants, Ultimate Distribution, Inc. ("Ultimate") and CRB Motor Lines, Inc. ("CRB"), on September 8, 2004. The Complaint primarily sought withdrawal liability under the Employment Retirement Income Security Act (ERISA), Section 4203. On October 29, 2004, the Complaint was amended, seeking joint and several liability against Defendants Ultimate and CRB. Ultimate and CRB hired attorney Anthony Sica ("Sica") to represent them in the matter.

On December 29, 2004, Plaintiffs requested an entry of default judgment as against Defendants Ultimate and CRB. Default judgment was granted in Plaintiffs' favor on January 24, 2005, in the amount of $3,905,681.09. On the same day, Plaintiffs again moved to amend their Complaint, adding Superior Warehousing Systems ("Superior"), and requesting that Defendant Superior be held jointly and severally liable with the other Defendants under a control group theory.

Anthony Sica, an attorney at the law firm of Lum, Danzis, Drasco & Positan, LLC, became Superior's attorney in February of 2005. See Def. Reply Br. at 9. Plaintiffs' motion to amend was granted on March 14, 2005, and Superior subsequently filed an Answer to the Amended Complaint on May 3, 2005.

On August 11, 2005, Magistrate Judge Hedges ordered Superior to move to compel arbitration and ordered Plaintiffs to move for summary judgment against Superior by October 26, 2005. Judge Hedges also required opposition papers to be filed by December 2, 2005.

Thus, on October 26, 2005, Plaintiffs moved for summary judgment against Superior.

Sica apparently did not inform Superior of this motion. See Def. Br., Burke-Grospin Decl., ¶ 7; Def. Br., Schwartz Decl., ¶ 13. Two days later, Sica submitted a letter to Magistrate Judge Hedges requesting an extension of time to file a motion to compel arbitration on behalf of Superior. See Def. Br., Frazza Decl., Ex. 10. Magistrate Judge Hedges subsequently granted Sica's request, and extended Superior's time to move to compel arbitration to November 4, 2005. See Def. Br., Frazza Decl., Ex. 11. It appears that Superior was never notified that their attorney, Sica, had made such a request for an extension, or that Magistrate Judge Hedges had issued an order to that effect. See Def. Br., Burke-Grospin Decl., ¶¶ 8, 9; Def. Br., Schwartz Decl., ¶¶ 14. 15.

By November 4, 2005, Sica had not filed the motion to compel arbitration, and apparently did not inform Superior of his failure to meet the deadline. See Burke-Grospin Decl., ¶ 10; Schwartz Decl., ¶ 16. On November 21, 2005, Plaintiffs' counsel, David W. New, filed a letter with the Court stating that Superior had failed to move to compel arbitration, and thus had presumably waived its right to seek arbitration.

On December 1, 2005, Sica asked the Court to extend the deadline for submitting an opposition to Plaintiffs' Motion for Summary Judgment from the previously set deadline of December 2, to December 9, 2005. See Def. Br., Frazza Decl., Ex. 13. The Court granted Sica's request. See Def. Br., Frazza Decl., Ex. 14. Again, it appears that Sica did not inform Superior of his request for an extension of time, or of the Court's approval of same. See Def. Br., Burke-Grospin Decl., ¶¶ 11-12; Def. Br., Schwartz Decl., ¶¶ 17-18. Despite having received an extension until December 9, 2005, it appears that Sica did not file an opposition to Plaintiffs' Motion for Summary Judgment on behalf of Superior. Rather, on January 10, 2006, Sica

3

submitted a letter to the Court declaring "an unexpected delay in the submission of opposition to Plaintiffs' motion for summary judgment owing to [his] inability to communicate with [his] client during the past several weeks." See Def. Br., Frazza Decl., Ex. 15.

Superior claims that "[a]t no point between the time when Plaintiffs moved for summary judgment (October 26, 2005) and the date on which Sica asked the Court for an additional 2 days to submit the summary judgment opposition papers (January 10, 2006) did Sica (a) advise Superior in writing that a summary judgment motion had been filed; (b) advise Superior orally that a summary judgment motion had been filed; or (c) even contact Superior for any purpose." (Def. Br. at 7-8).

On January 20, 2006, this Court entered an Order granting Plaintiffs' Motion for Summary Judgment in the amount of $3,905,681.09. Once again, Sica apparently did not inform Superior of this Order until May 8, 2006. See Def. Br. at 8; Def. Br., Burke-Grospin Decl. ¶ 14; Schwartz Decl., ¶ 20. On April 13, 2006, this Court added attorneys' fees and disbursements in the amount of $24,404.61, and pre-judgment interest, in the amount of $697,613.20, to this Court's January 20, 2006 judgment of $3,905,681.09. See Def. Br., Frazza Decl., Ex. 18. Thus, the judgment amount totaled $4,627,698.90.

## LEGAL BACKGROUND

Superior now moves to vacate this Court's January 20, 2006 Order granting summary judgment to Plaintiffs, pursuant to Fed. R. Civ. P. 60(b).[1] The rule states, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or

---

[1] Additionally, Superior asks that the Court vacate its corresponding April 13, 2006 Order entering judgment in favor of Plaintiffs for attorneys fees, disbursements and pre-judgment interest in the amount of $722,017.81.

>a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment . . .

The Third Circuit has "cautioned that relief from a judgment under Rule 60 should be granted only in exceptional circumstances." Boughner v. Sec'y of Health, Educ. and Welfare, 572 F.2d 976, 977 (3d Cir. 1978). Furthermore, "[t]he party seeking relief has the burden of showing that absent such relief, an 'extreme' and 'unexpected' hardship will result." Id. at 978.

**DISCUSSION**

In the January 20, 2006 Order, this Court held, in relevant part, as follows:

>This matter having been opened to the Court by . . . Plaintiffs, seeking an Order entering summary judgment against Defendant Superior Warehousing Systems, Inc. . . . and the Court having received no opposition from Defendant Superior Warehousing Systems, Inc., despite granting multiple extensions of time upon their request . . . and the Court having considered the Plaintiffs' submissions and having found that the undisputed facts, set forth in the L. Civ. R. 56.1 statement, and the law support Plaintiffs' arguments, and for other good cause shown . . . it is on this 20th day of January, 2006, ordered that Plaintiffs' motion for summary judgment against Defendant Superior Warehousing Systems, Inc. is hereby granted.

At the outset, the Court notes that a motion for summary judgment cannot be granted by default. See, e.g., Lorenzo v. Griffith, 12 F.3d 23, 28 (3d Cir. 1993) (stating that in addition to a finding that a party failed to respond to the motion for summary judgment, "there must be a congruent finding that judgment for the moving party is appropriate as a matter of law."). As such, the Court's January 20th decision was, in fact, based on the merits and the record, as a whole. Nevertheless, inasmuch as this Court's January 20th finding on the merits was based on the fact that the motion was unopposed and, as a result, the underlying facts and law were viewed as

5

undisputed, the Court finds that its January 20th determination in connection with Plaintiffs' Motion for Summary Judgment was, in this case, more akin to a default judgment.

In considering a motion to vacate a default judgment, the Court must consider the following three factors: "(1) whether the [prevailing party] will be prejudiced if the default is lifted; (2) whether the [petitioner] has a meritorious defense; and (3) whether the default was the result of the [petitioner's] culpable conduct." Lorenzo, 12 F.3d at 27.  See also Logan v. Am. Contract Bridge, No. 04-4428, 2006 U.S. App. LEXIS 5914, at *7-8 (3d Cir. March 9, 2006) (unpublished decision) (stating that the same three factors should be considered in determining whether to grant a motion to reopen an unopposed grant of summary judgment).  In accordance with these factors, the Court finds that the prejudice to Plaintiffs in having this matter reopened, fully briefed and argued on the merits does not outweigh the prejudice that would ensue to Superior should the Court deny the instant motion.  In addition, although this Court previously determined that the undisputed facts and the unopposed law cited in support of Plaintiffs' Motion for Summary Judgment supported Plaintiffs' claims, the Court now finds that Superior has sufficiently demonstrated the existence of a potentially meritorious defense.  For example, should the Court determine that it has the authority to order arbitration, even after the statutory deadline for initiating same has passed – as alleged by Superior – then summary judgment may have been inappropriate. See Def. Br. at 26.  Finally, the Court determines that although Superior clearly had a duty to monitor the status of its case, given Sica's ongoing and inexplicable misrepresentations and withholding of critical information from his client, the declarations submitted on behalf of Superior demonstrate that Superior acted both reasonably in monitoring its case, and diligently in moving to vacate the January 20th Order.  Therefore, under the

circumstances, it would be inequitable to saddle Superior with the undue prejudice that would ensue due to the action's of their counsel if this Order is not vacated.

As such, having considered the three factors set forth by the Third Circuit, coupled with the gross, and certainly inexcusable, negligence of Superior's prior counsel, Anthony Sica, this Court determines that the practical and equitable approach in this matter is to vacate this Court's previous Order and let this matter be fully briefed and argued on the merits.[2] Therefore, this Court's January 20, 2006 Order entering summary judgment as against Superior is hereby vacated.[3] See, e.g., Carter v. Albert Einstein Med. Ctr., 804 F.2d 805, 808 (3d Cir. 1986) (vacating a default judgment, and explaining that "public confidence in the administration of justice is weakened when a party is prevented from presenting his case because of the gross negligence of his lawyer"); Boughner, 572 F.2d at 979 (reversing entry of unopposed summary judgment which precluded an adjudication on the merits, and stating that "[t]o permit these judgments to stand, in light of Krehel's conduct and the absence of neglect by the parties, would be unjust."); Am. Reliance Ins. Co. v. Mirabile, No. 85-3225, 1986 WL 10811, at *3 (E.D. Pa. Sept. 29, 1986) (vacating summary judgment entered as "unopposed" and explaining that "[a] party to a law suit is, in the ordinary course of events, entitled to rely on competent counsel not to act in this manner;" therefore, "the movants should not be bound to the misconduct of their

---

[2] Nevertheless, the Court finds that Plaintiffs should not face the financial burden of paying for the previously filed Motion for Summary Judgment which was unopposed due to the gross negligence of Superior's counsel. As such, this Court will order Superior to pay for any attorneys fees and costs associated with Plaintiffs' previous filing of same.

[3] The Court will also vacate its corresponding Order of April 19, 2006, awarding Plaintiffs attorneys fees, disbursements and pre-judgment interest in the amount of $722,017.81, as the April 19th Order was predicated on the Court's entry of summary judgment.

attorney under such circumstances.").

## CONCLUSION

For the reasons explained above, Superior's Motion to Vacate this Court's January 20, 2006 Order granting summary judgment to Plaintiffs is hereby GRANTED. An appropriate Order accompanies this Opinion.


Dated: December 8, 2006
          /s/ Jose L. Linares
          Jose L. Linares
          United States District Judge